ROBINSON et al. v. FRANKLIN SUGAR REFINING CO.

(District Court, E. D. Pennsylvania. November 15, 1895.)

No. 43.

SHIPPING—DAMAGE TO CARGO — IMPROPER STOWAGE — STEVEDORES APPOINTED BY CHARTERERS.

Where sugar carried in a chartered ship was improperly stowed upon the "ceiling" of the hold, without the interposition of a loose floor or other dunnage, *held*, that the ship was liable for resulting damage, notwithstanding that the stevedores, who stowed the cargo, were appointed by the charterers under a provision in the charter party. It was the duty of the ship to see that the hold was fitted to receive the cargo, and her failure to provide dunnage was a breach of this duty.

This was a libel by Joseph Robinson & Sons, owners of the steamship Ixia, against the Franklin Sugar Refining Company, to recover a balance of freight alleged to be due upon a cargo of sugar.

Horace L. Cheyney and John F. Lewis, for libelants.
Jas. Wilson Bayard and John G. Johnson, for respondents.

BUTLER, District Judge. The suit is for a balance of freight due on a cargo of sugar, carried under charter party. On delivery a portion of it was found to have been damaged, by reason of the bags being stowed directly on the "ceiling" of the hold. The respondents paid $6,699.17 on account of freight, retaining $163 to cover the damages sustained. The answer sets up two sources of claim to damage, first, humidity or dampness of the hold, and secondly, stowage on ceiling of the hold. It is clear, however, that the only just ground of complaint, if any exists, is the latter, improper stowage—and this consisted in stowing directly on the "ceiling" instead of upon a second, loose, floor, or other proper dunnage. I am satisfied that it was improper to stow immediately upon the "ceiling." The stevedores who loaded the sugar were appointed by the respondents under the charter; and the only question raised is whether this relieves the ship from responsibility in the premises. In my judgment it does not. It was her duty to render the ship seaworthy, that is, fit for carrying this cargo. Constructed as her "ceiling" was, the hold was not fit for the stowage of sugar without such second temporary floor, or other proper dunnage to protect it from the water in the tank, immediately below. It was her duty to see that the hold was thus fitted to receive the cargo; and in this she failed. It will not do to answer that the stevedores were the respondents' agents, and that the latter must therefore bear the consequences of placing the bags upon the ceiling; first, because the stevedores are not the agents of the charterers, except in a limited sense—their work being performed under the supervision of the ship; and second because it does not appear that the stevedores were familiar with the character of the "ceiling." It might have been so constructed as to render dunnage unnecessary, and whether it was, the stevedores were not required to ascertain. If dunnage had been provided they would have had notice that its use was necessary, and they should have used it. None however was provided. See The Storm Queen, 3 Law T. (N. S.) 25.

The respondents are entitled to an abatement from the freight equal to the loss sustained. What this was, precisely, I find some difficulty in ascertaining. The number of bags affected by contact with the ceiling is uncertain, as well as the extent of injury to them from this cause. Any injury to the cargo from sweating, the libelant is not responsible for. How much of the injury to the sugar in the bags next the "ceiling" resulted from contact with it and how much from sweating either in these bags or those above, I do not know. Possibly the facts necessary to ascertain the respondents' loss from such contact, with the "ceiling" (with reasonable certainty) can be ascertained from the testimony taken. I will refer the subject, however, to a commissioner, who with the assistance of the parties may pass on the question and report.